UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TROY HILL, )
 )
    Plaintiff(s), )
 )
vs. ) Case No. 4:05CV1412 JCH
 )
ALDI, INC., )
 )
    Defendant(s). )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand, filed September 28, 2005. (Doc. No. 7). The matter is fully briefed and ready for disposition.

**BACKGROUND**

By way of background, Plaintiff filed his original Petition in this matter in the Circuit Court of the City of St. Louis, Missouri, on July 26, 2005. (Petition, attached to Defendant's Notice of Removal (hereinafter "Complaint" or "Compl.")). In his Complaint, Plaintiff makes claims of sexual harassment and sexual discrimination (Count I), racial discrimination (Count II), and retaliation (Count III), all in violation of the Missouri Human Rights Act, Mo. Rev. Stat. § 213.010 *et seq.* (Compl., ¶¶ 33-56). Plaintiff further includes allegations of negligent supervision (Count IV), and negligent training (Count V). (Id., ¶¶ 57-68). In his prayer for relief, Plaintiff states in relevant part as follows:

> WHEREFORE, Plaintiff respectfully requests that this Court enter judgment pursuant to jury verdict(s):....
>
> B. That Defendant be required to pay Plaintiff compensatory and punitive damages for Defendant's violation of the Missouri Human Rights Act and other applicable Missouri Law, including an award of back pay, and including lost benefits, bonuses, costs of living increases and other benefits including interest; front pay in a

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

reasonable amount; reinstatement or future pecuniary losses; damages for emotional pain, suffering, inconvenience and mental anguish and loss of enjoyment of life;

      C.    That Plaintiff is entitled to recover the costs associated with the prosecution of this action together with reasonable attorneys' fees, as provided by R.S.Mo. § 213.111, and elsewhere;....

(Compl., P. 15).

On September 2, 2005, Defendant Aldi, Inc. removed Plaintiff's action to this Court. (Doc. No. 1). In doing so, Defendant asserted this Court possesses jurisdiction over this matter under 28 U.S.C. § 1332, as the action is between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. (Id., ¶¶ 5, 6).

As stated above, Plaintiff filed his Motion for Remand on September 28, 2005. (Doc. No. 7). In his motion, Plaintiff maintains this Court lacks jurisdiction, as Defendant has failed to prove with legal certainty that the amount in controversy exceeds $75,000. (Id., ¶ 10).

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. Id. (citations omitted).

The Eighth Circuit recently articulated the standard to apply in determining whether a federal court has subject matter jurisdiction in a removed case, as follows: "Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party,...must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003) (citation omitted). See also James Neff Kramper Family Farm Partnership v. IBP, Inc., 393

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

F.3d 828, 831 (8th Cir. 2005) (citation omitted) ("The burden thereafter fell upon [Defendant], as the party invoking federal jurisdiction, to show by a preponderance of the evidence the claims originally asserted by [Plaintiff] could, that is might, legally satisfy the amount in controversy requirement"). The Eighth Circuit further has held that, "[t]his amount-in-controversy requirement is satisfied when a fact finder could legally conclude, from the pleadings and the proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Capitol Indemnity Corp. v. 1405 Assoc., Inc., 340 F.3d 547, 549 (8th Cir. 2003) (internal quotations and citation omitted). See also Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are:...").

In its response to Plaintiff's Motion for Remand, Defendant notes that Plaintiff seeks numerous types of damages which are potentially available under controlling law, and which could exceed $75,000. (Defendant's Opposition to Plaintiff's Motion for Remand ("Defendant's Memo in Opp."), P. 6). For example, in his three Counts alleging violations of the Missouri Human Rights Act, Plaintiff seeks back pay, including lost fringe benefits and bonuses; compensation for lost promotional opportunities; cost of living increases and other benefits; front pay; compensatory damages; punitive damages; equitable relief, including reinstatement; and attorney's fees. (Compl., PP. 8-9, 10, 12). Further, in Counts IV and V of his Complaint, Plaintiff seeks general and compensatory damages; punitive damages; and reasonable attorney's fees. (Id., PP. 13, 14-15). Finally, Defendant alleges that at the time of his termination, Plaintiff's annual compensation from Defendant exceeded $66,900. (Defendant's Memo in Opp., P. 8).[1] Defendant thus asserts that by the time this matter is tried to resolution, Plaintiff's back pay alone could amount to over two years

---

[1] Plaintiff does not dispute this allegation.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

wages, an amount in itself sufficient to meet the jurisdictional amount-in-controversy requirement. (Id.).[2]

Upon consideration of the foregoing, the Court will deny Plaintiff's Motion for Remand. Specifically, in light of the extent to which Plaintiff's injuries are plead, this Court cannot find, as a matter of law, that Plaintiff's damages will not exceed $75,000. Rolwing, 2005 WL 1828813 at *3. Rather, if a jury were to find in Plaintiff's favor on any one of his claims, his damages could reasonably exceed $75,000. Id. Plaintiff's Motion for Remand will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. No. 7) is **DENIED**.

Dated this 28th day of October, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[2] Defendant further points out that both the punitive damages and the attorneys' fees Plaintiff seeks are properly included in the amount-in-controversy determination. (Defendant's Memo in Opp., P. 8).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com